GULOTTA, Judge.
Plaintiff and defendant appeal from a November 16, 1977 judgment awarding temporary workmen’s compensation disability benefits from September 20, 1976 through November 15, 1977, medical and hospital expenses and costs. We affirm.
Unexplainably, on December 8, 1977, a second judgment was rendered awarding benefits from September 15, 1976 through November 8, 1977. The medical and hospital expense award and the assessment of court costs against defendant were omitted from the December 8th judgment. No motion for a new trial was requested following the November 16th judgment and no motion to correct or amend the judgment was filed. The second judgment was itself entered beyond the seven-day period of C.C.P. 1974 within which the court on its own motion could have granted a new trial. We are at a loss to understand why the December 8th judgment was rendered. At any rate, parties to this appeal address their argument only to the earlier judgment. Because we affirm the November 16th judgment, we annul, rescind and set aside the December 8th judgment insofar as it conflicts with the earlier award.
Plaintiff, a sixty-three year old janitorial employee of the Orleans Parish School Board for eighteen years, claims entitlement to permanent and total disability benefits as well as penalties and attorney fees. Defendant, on the other hand, claims that the award based on a fourteen month disability is excessive; that timely notice of the injury was not given to defendant;[1] that no evidence was offered to support the hospital expense award; and that the trial *98 judge erred in assessing costs against a state agency.[2]
Plaintiff testified that on Thursday, September 16, 1976, while lifting a mop bucket at her employment, she suddenly felt “something like a ball dropping from her vagina.” On the following Monday, September 20th, Dr. Charles Frazer found a “rectocele” (protrusion of rectal wall into the vagina area) for which surgery was performed on September 27, 1976. Plaintiff’s salary was paid until the date of surgery; thereafter, she received accrued sick leave pay until January 5, 1977.
PLAINTIFF’S APPEAL
Plaintiff’s claim for total disability is based on her contention that because lifting in excess of twenty pounds is an integral part of her job; because of the injury she is unable to do any heavy lifting in excess of this weight; because of her age; because of her limited fifth grade education; and, because of the menial nature of her job, she is unable to resume her former employment and is not suited to do any work of any kind.
We reject this contention. Dr. James Bohn, a gynecologist, found in a September 20, 1977 examination, good surgical repair of the rectocele. Dr. Bohn disagreed with Dr. Frazer’s evaluation that there existed a 75% change of re-occurrence if plaintiff returns to the activities required in her former occupation. In Dr. Bohn’s opinion, plaintiff’s return to work would not cause, in itself, a re-occurrence. He felt plaintiff’s problem was “cured”. Dr. Frazer admitted that plaintiff was “as good as new six weeks after surgery”, although he had advised that she discontinue “all strenuous labor” to prevent a re-occurrence.
Accepting to Dr. Bohn’s testimony, the trial judge concluded plaintiff was not totally and permanently disabled. We find no error in the trial court’s credibility based determination.
We reject also, plaintiff’s claim for penalties and attorney’s fees. In an October 18, 1976 report, Dr. Frazer advised the school board that plaintiff had been under his post-surgical care for “pelvic prolapse and rectocele” and in his opinion “the strenuous work associated with her job contributed to her condition” and recommended that “she stop all strenuous labor to prevent a re-occurrence.” A December 27,1976 letter of demand from plaintiff’s attorney to defendant does not mention nor refer to a September 16th accident but asserts a claim for disability resulting from plaintiff’s eighteen years of strenuous labor. The doctor’s October 18th report apparently was enclosed with this demand. Because plaintiff was receiving sick leave, defendant reasonably could have believed that the doctor’s October 18th report was sent to defendant in connection with plaintiff’s sick leave. It was not until a July 1977 supplemental and amended petition was filed that mention was made of the September 16th accident. Under the circumstances, we find no error in the denial of penalties and attorney’s fees. We cannot say that defendant’s actions were arbitrary, capricious or without probable cause. (See R.S. 23:1201.2)
DEFENDANT’S APPEAL
Having concluded that plaintiff suffered no permanent, total disability, we are confronted with the more troublesome question, i. e., whether or not the trial judge erred in allowing a fourteen month disability award instead of a six weeks award. Relying primarily on the testimony of plain *99 tiff’s physician, that Agnes Oliver was “as good as new six weeks after surgery”, and, relying further on the testimony of defendant’s medical expert who testified that after six weeks plaintiff was able to return to her former employment, defendant argues that plaintiff is entitled to compensation based on a six week disability.
The trial judge, in oral reasons, stated because of defendant’s failure to have plaintiff examined within a reasonable time of being put on notice of her medical condition; because plaintiff realized only at the time of trial that she could return to work; and, because she was an honest and credible person who was anxious to return to her employment, but believed (until the trial) that she was unable to do so, plaintiff was entitled to a fourteen month disability award.
As indicated by the trial judge, plaintiff did not have the benefit of any medical advice other than that of her physician. In this connection, plaintiff’s physician testified that although she could have returned to work six weeks after the operation, if she did not lift in excess of twenty pounds, he advised her not to do so because he understood from plaintiff her work involved heavy lifting. Plaintiff was not examined by defendant’s physician, Dr. Bohn, until September 20, 1977, approximately one year after the accident. Further, there is no indication in the record that, prior to trial, plaintiff was advised of Dr. Bohn’s opinion relating to the duration of her disability. Moreover, the record strongly supports the trial judge’s conclusion that plaintiff was a faithful eighteen year employee and was completely honest and credible. Under the circumstances, we cannot say the trial judge erred in awarding compensation based on a fourteen month disability.
We reject also defendant’s contention that the $1,048.65 medical and hospital expense award is not supported by evidence in the record. The parties stipulated to the $838.65 hospital bill. Defendant, however, at the time of the stipulation, reserved the right to examine plaintiff’s treating physician relative to the bills in connection with plaintiff’s injury. Based on this reservation, the trial judge withheld, at that time, ruling on the admissibility of the bill. Although defendant had ample opportunity to examine the doctor on the amount of the stipulated hospital bill, it failed to do so.[3] The hospital bill was later re-offered and was followed by a “BENCH CONFERENCE”. We find no indication from the record that an objection was made to the re-offer of the hospital bill.
According to Dr. Frazer his bill amounted to $210.00. The physician’s bill and the hospital bill, when added together, totals the sum of $1,048.65. We find, under the circumstances, no error in the trial judge’s award in this amount.
Neither do we find merit to defendant’s contention that court costs cannot be assessed against a state agency. In Segura v. La. Architects Selection Bd., 362 So.2d 498 (La.1978), the Supreme Court held that the state and its agencies are not immune from the payment of court costs.
Finally, we reject defendant’s claim that because plaintiff failed to give notice to defendant within six months after the injury, no claim for compensation can be maintained. R.S. 23:1291. Although we have concluded that the October 18, 1976 report from Dr. Frazer to the school board did not sufficiently place defendant on notice to require invoking the penalty provisions of the act, nevertheless, we conclude the report did constitute notice that plaintiff suffered a work related injury. We conclude under the circumstances, the school board was given timely notice.
Accordingly, we affirm the November 15, 1977 judgment. The December 8, 1977 judgment is annulled, rescinded and set aside.
NOVEMBER 15, 1977 JUDGMENT AFFIRMED.
*100 DECEMBER 8, 1977 JUDGMENT ANNULLED, RESCINDED AND SET ASIDE.

. R.S. 23:1291 provides that no proceedings for compensation shall be maintained unless notice of injury has been given to the employer within six months after the date of the injury or death.

. LSA-R.S. 13:4521 provides:
§ 4521. State and its subdivisions, boards and commissions not required to pay court costs.
“Except as hereinafter provided, neither the state, nor any parish, municipality, or other political subdivision, public board or commission shall be required to pay court costs in any judicial proceeding instituted or prosecuted by or against the state or any such parish, municipality or other political subdivision, board or commission, in any court of this state or any municipality of this state, including particularly, but not exclusively, those courts in the Parish of Orleans and the City of New Orleans. This Section shall have no application to stenographers’ costs for taking testimony.”

. The stipulated bill was offered as P-1, however, the bill itself was not included in the record.