522 So.2d 1257 (1988)
Charlene PUGH
v.
Peter GONDRELLA, Gina Gondrella, State Farm Insurance Company, and Allstate Insurance Company.
No. CA-8492.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 1988.
David W. Oestreicher, II, Oestreicher, Whalen & Hackett, New Orleans, for plaintiff-appellant.
Kevin P. Lohan, Law Offices of Richard E. Britson, Jr., New Orleans, for defendant-appellee.
Before BARRY, KLEES and PLOTKIN, JJ.
PLOTKIN, Judge.
The res nova issue in this case is what amount of legal interest an uninsured motorist (UM) insurance carrier owes to the plaintiff, when the plaintiff has compromised with the tortfeasor and his primary liability insurance carrier prior to trial and the verdict equals or exceeds both the primary and UM insurance policy limits.
*1258 Appellant Charlene Pugh suffered injuries when the car which she was driving was rear-ended by a vehicle owned by Peter Gondrella and driven by Gina Gondrella. Pugh settled with State Farm Insurance Co., the Gondrellas' liability insurer, for the policy limit of $50,000, then sought the $10,000 policy limit from her UM insurance carrier, Allstate Insurance Co. Allstate refused Pugh's demand, but offered to settle for $1,000. The case went to trial when Pugh refused the settlement offer. The jury found that Pugh had suffered $60,000 total damages. The trial judge issued a judgment for $10,000 plus interest against Allstate. Pugh filed a motion for clarification of judgment, seeking payment of interest on the entire $60,000 damages from Allstate. The motion was denied. This appeal followed.
Pugh asserts that Allstate should be liable for interest on the entire $60,000 jury verdict because a number of Louisiana cases have held that UM insurance carriers are solidarily liable with tortfeasors under facts similar to those in the instant case. See Burton v. Foret, 498 So.2d 706, 712 (La.1986); Hoefly v. Government Employees Ins. Co., 418 So.2d 575 (La.1982); Jones v. American Fire-Indemnity Ins. Co., 442 So.2d 772, 776 (La.App. 2d Cir.1983). Pugh reasons that since either the UM carrier or the tortfeasor could be liable for the whole judgment, either could be liable for interest on the entire judgment.
Allstate argues that the trial judge correctly assessed the interest only on the $10,000 it owed under the UM policy. It cites Louisiana's law on the method of calculating interest on judicial judgments set out in LSA-R.S. 13:4203, which states as follows:
Legal interest shall attach from date of judicial demand, on all judgments, sounding in damages, "ex delicto", which may be rendered by any of the courts.
Allstate argues that since the statute requires interest only on judgments, it can only owe interest on the $10,000 judgment issued by the trial judge.
Neither side's argument controls the matter at issue in this case. Although the appellant is correct that Allstate, as the UM carrier, is solidarily liable with the tortfeasor for the damages sustained, the cases cited do not require that the UM carrier pay the interest on the entire jury verdict simply because of that solidarity. The Hoefly, supra; Burton, supra, and Jones, supra, cases simply establish the principle that a UM insurer, like a principal insurer, is liable for interest on the portion of the judgment for which it is responsible from the date of judicial demand, not just from the date the judgment is entered.
The appellee's position that interest is owed only on the amount of the judgment under LSA-R.S. 13:4203 is correct; however, the trial judge's styling of the judgment in this case was in error. The judgment should have reflected the $60,000 jury verdict, then given a credit for the $50,000 paid by State Farm in settlement prior to trial, thereafter casting Allstate liable for $10,000 plus interest and costs.
Despite the fact the judgment should reflect the entire jury verdict, Allstate is not required to pay interest on the entire $60,000 under Louisiana law. We base this decision on the legal principles discussed below.
As La.R.S. 13:4203, quoted above, indicates, the general rule in Louisiana is that interest is due on all judgments from the date of judicial demand until the date payment is tendered. An exception to that rule has been developed in cases involving defendant insurers whose policy limits are less than the judgment. In such cases, it is abundantly clear an insurer is liable for legal interest only on the amount of its applicable policy limits from the date of judicial demand until the date of signing of the judgment, although thereafter the insurer is liable for interest on the amount of the judgment, including that which exceeds its applicable policy limits from date of judgment until the insurer pays or tenders the full amount which it owes.
Glazer v. Louisiana Trailer Sales Inc., 313 So.2d 266, 271 (La.App. 4th Cir.1975). Therefore, Allstate can be liable for interest *1259 only on its $10,000 policy limit from the date of judicial demand until the date the judgment was rendered.
Additionally, Allstate is not required to pay interest on the entire $60,000 jury verdict from the date the judgment was rendered until the date payment was tendered because of the provisions of La.C.C. art. 2925, which states as follows:
The release of the principal, without any reserve as to interest, raises the presumption that it also has been paid, and operates a release of it.
The appellant's brief indicates that the plaintiff entered a "limited release" with State Farm for the limits on the tortfeasor's liability policy before the case ever went to trial. The release is not filed in the record, but it is assumed that it did not contain a reservation concerning interest since Pugh did not argue that point. Therefore, under the provisions of La.C.C. art. 2925, it can be presumed that the appellant waived any right to interest on the $50,000 paid by State Farm. Therefore, even though the trial judge's judgment was improperly styled, the result was correct.
In conclusion, regardless of the legal analysis, all the applicable principles of law relating to legal interest restrict the liability of the UM insurer in this case to interest on its policy limits from the date of judicial demand until the date the payment is tendered to the plaintiff. First, the jurisprudence establishes that all insurers are liable for interest only on the limits of their policies from the date of judicial demand until the date the judgment is signed. Glazer, supra. Second, under the provisions of La.C.C. art. 2925, the plaintiff waived interest on the $50,000 paid by State Farm when it entered the settlement agreement. Therefore, Allstate is responsible for interest only on the $10,000 it owed even after the judgment was signed.
The plaintiff argues in brief that Allstate should be held liable for penalties and attorneys fees because it was allegedly arbitrary and capricious in refusing her demand for payment of the policy limits. That request is denied because a good faith dispute concerning a legal issue existed, justifying the insurer's denial of payment.
The judgment of the trial court is affirmed.
AFFIRMED.