BOWES, Judge.
United Service Automobile Association (hereinafter USAA) appeals from a judgment of the district court denying its motion to mark as “satisfied” a judgment in favor of Sonja Authement Hubert and against USAA, Andrew Martin, and American National Property and Casualty Company (hereinafter American). We affirm.
FACTS
Ms. Hubert filed suit on May 23, 1985, for personal injury against Martin, his insurer, American, and her uninsured/under-insured carrier, USAA, for injuries received in an accident on April 12, 1985. Trial by jury commenced on June 14, 1989. During voir dire, plaintiff settled with Martin and American for policy limits of $25,000.00. The settlement was dictated into the record, although the release and settlement documents do not appear in the record on appeal. Trial proceeded against USAA, plaintiff’s UM insurer, solely on the issue of the amount of damages sustained by Ms. Hubert as a result of the accident. On July 16, 1989, the jury returned a verdict awarding plaintiff $30,500.00 in general damages and $4,500.00 in special damages. All costs and expert fees were assessed against USAA.
On September 8, 1989, the district court entered a judgment adopting the jury verdict as follows:
“... accordingly that there be judgment in favor of plaintiff, Sonja Authement Hubert, and against defendants, Andrew Martin, American National Property and Casualty Company and United Services Automobile Association, in the full and true sum of THIRTY-FIVE THOUSAND AND 00/100 ($35,000.00), together with legal interest thereon from the date of judicial demand, as well as all costs of these proceedings.”
This judgment was not appealed and has therefore become final. A dispute arose between Ms. Hubert and USAA regarding interest due on the judgment. Plaintiff contended, as she does on appeal, that legal interest is owed on the entire judgment of $35,000.00 from the date of judicial demand. USAA urged that interest should be computed only on $10,000.00, the difference between the amount of the judgment and the amount of the settlement with American.
*661 On December 8, 1989, USAA moved to deposit “Tender in satisfaction of judgment” in the amount of $16,757.50, which amount represents costs, expert fees, and legal interest on $10,000.00 from May 23, 1985 (the date of the filing of suit) through December 8, 1989. USAA reiterated its position that interest was owed only on $10,000.00, “which represents that portion of the judgment owed by United Services Automobile Association.” The trial court permitted the tender, and further ordered that plaintiff show cause why the judgment should not be marked satisfied. The motion was heard and judgment rendered, without reasons, denying the motion of USAA to mark the September 8th judgment satisfied. It is from this denial of its motion that USAA has appealed.
ANALYSIS
USAA urges on appeal that the law clearly obligates the UM insurer to pay legal interest only on the portion of the judgment for which it is responsible, citing Pugh v. Gondrella, 522 So.2d 1257 (La.App. 4 Cir.1988). In that case, the plaintiff/appellant appealed a judgment in -a case in which the jury found damages in the amount of $60,000.00, following a settlement with the primary insurer for $50,-000.00. The trial court issued a written judgment against only the UM carrier, Allstate, for $10,000.00, plus interest. Pugh contended that Allstate should be liable for interest on the entire $60,000.00 verdict because the UM carrier is solidarily liable with the tortfeasor. Pugh cited Burton v. Foret, 498 So.2d 706 (La.1986); Hoefly v. Government Employees Ins. Co., 418 So.2d 575 (La.1982); and Jones v. American Fire-Indemnity Ins. Co., 442 So.2d 772, 776 (La.App.2d Cir.1983), in support of his contention. We interpret Pugh as holding that Allstate was liable for interest on $10,000.00 because the amount of the judgment was only $10,000.00; judgment was rendered solely against Allstate; and, finally, it was the amount of the Allstate policy limits. The court in Pugh further utilized LSA-C.C. art. 2925, which states as follows:
“The release of the principal, without any reserve as to interest, raises the presumption that it also has been paid, and operates a release of it.”
In finding LSA-C.C. art. 2925 applicable, the court in Pugh held that the plaintiff waived interest on the $50,000.00 settlement and, therefore, Allstate was “responsible for interest only on the $10,000 it owed even after the judgment was signed.”
However, Pugh is not dispositive of the case presently before us, since there are several significant factual differences in the two situations — the judgment here was against both insurers for the entire jury verdict, and for the policy limits of the UM carrier. We agree with appellant that there are several cases which hold that it is" correct to allocate the payment of interest according to each defendant’s proportionate share. See Moon v. City of Baton Rouge, 522 So.2d 117 (La.App. 1 Cir.1987); Blanchard v. Rodrigue, 340 So.2d 1001 (La.App. 1 Cir.1976); Richardson v. Tate, 269 So.2d 278 (La.App. 4 Cir.1972). However, in each case, the judgment on appeal (which allocated interest) was the very judgment condemning one insurer to pay interest — i.e., the judgment on the merits following trial. Here, the judgment requiring USAA to pay interest has become final and is not before us on appeal; nor can it ever be. That judgment granted plaintiff legal interest on $35,000.00. USAA did not move to clarify or amend the judgment, nor for a new trial on that issue, nor for appeal.
It is crystal clear, then, that the judgment complained of has become final and nothing can be done about it due to the inaction of USAA and its own neglect in not timely moving for some of the relief referred to above, including an appeal. If USAA must now pay what it considers to be, and which well may be, an unjust and unfair amount of interest, it has no one to blame but itself — for it has placed itself into the inextricable clutches of the laws which require such payment. We are powerless to change this situation as courts are not permitted to change the clear meaning of statutes in the guise or name of equity. *662 Accordingly, as we read the law, the plaintiff is entitled to interest on the entire judgment.
Usually the primary insurer would be liable for interest on its share of the judgment. However, American has settled with plaintiff for the policy limits and, in the absence of evidence to the contrary, we must assume that interest on the settlement was not reserved nor included. Under LSA-C.C. art. 2925, it appears that plaintiff may not proceed further against American. We do not find, however, that plaintiff has precluded herself from obtaining the interest from USAA.
“The UM carrier has no obligation to pay that portion of plaintiff’s damages within the underinsured tortfeasor’s liability limits but only those damages which exceed the policy limits and which are within the UM policy limits.”
Niemann v. Travelers Ins. Co., 368 So.2d 1003 (La.1979).
Interest on the judgment comprises part of the damages due to the victim, and, in the present case, exceeds the policy limits of the tortfeasor’s insurer. Because the UM carrier is solidarily liable with the tortfeasor and his insurer, under LSA-R.S. 22:1406 and the applicable jurisprudence, each has the same obligation to repair the damage to the victim. Hoefly, supra; Burton, supra. Because, and only because, the judgment awarding interest on the entire $35,000.00 judgment has become final and definitive, we conclude that USAA is liable for that interest, as it is the only remaining viable solidary obligor.[1]
The original judgment should have given USAA credit for the settlement amount; USAA should have appealed, or moved for a partial new trial, or for amendment or for clarification. In the absence of any such action by USAA, we are constrained to conclude that it is liable, according to the judgment, for interest on the entire award of damages, and that the trial court was not manifestly erroneous in refusing to grant the motion of USAA to mark the judgment satisfied.
Accordingly, the judgment of the trial court is affirmed. Costs are taxed to appellant.
AFFIRMED.

. The record does not disclose information on the policy limits of USAA; we cannot conclude therefore that payment of interest on the entire judgment will exceed the limits of the UM policy.