572 So.2d 355 (1990)
Anastasia S. JOHNSON, et al.
v.
PROTECTIVE CASUALTY INSURANCE COMPANY, et al.
No. 89 CA 1788.
Court of Appeal of Louisiana, First Circuit.
December 18, 1990.
*356 Frank Touchet, Livingston, for plaintiffs.
J. Donald Cascio, Denham Springs, Zorraine M. Waguespack, Denham Springs, for defendants.
Before EDWARDS, WATKINS and LeBLANC, JJ.
WATKINS, Judge.
This case involves a dispute between two attorneys over fees due each of them after the first attorney, J. Donald Cascio (defendant-in-rule), was dismissed by his client in a personal injury lawsuit. The matter was heard on a rule brought by the second attorney, Francis Touchet (plaintiff-in-rule). The client's claim was settled for a total of $8,000.00, an amount which included an unconditional tender by the plaintiff's uninsured motorist carrier of $1,078.00. Following testimony adduced at the hearing of the rule, the trial judge ruled from the bench, awarding Mr. Cascio one third of the unconditional tender and awarding Mr. Touchet the remainder of the one-third fee on the total settlement. From this judgment, Mr. Cascio appeals.

FACTS
In January of 1987, Mr. Cascio filed a personal injury lawsuit for his clients, Anastasia Johnson and her husband, against the tortfeasor's insurer and the Johnsons' uninsured motorist carrier, Allstate Insurance Company. After extensive discovery by all parties, and approximately one year after suit was filed, the claim with the tortfeasor's insurer was settled. Mrs. Johnson had a one-third contingent fee contract with Mr. Cascio, but disbursement of the funds of that settlement is irrelevant to the present dispute. Settling with the tortfeasor, Mrs. Johnson reserved her rights against Allstate, and the litigation between Allstate and the Johnsons continued. Allstate requested a jury trial, and a trial date of August 29, 1988, was obtained.
However, in May of 1988, Allstate's attorney conveyed to Mr. Cascio a settlement offer of $1,000.00. On July 14, 1988, Allstate made an unconditional tender of $1,078.00, and on August 1, 1988, Allstate filed an amending answer seeking credit for the $1,078.00 tendered.
At the request of his client, Mr. Cascio obtained a continuance of the August 29, 1988 trial date. Although subpoenas for trial had been issued and Mr. Cascio was prepared to try the case, Mrs. Johnson asked him to get a continuance because she was still undergoing medical treatment.
The disagreement between Mr. Cascio and his client arose when Mr. Cascio attempted to procure Mrs. Johnson's acceptance of the tendered Allstate check. On August 15, 1988, Mrs. Johnson terminated the services of Mr. Cascio. It was stipulated at the hearing on the rule that the dismissal was without cause.
Later Mrs. Johnson contracted with Mr. Touchet, also on a one third contingent fee basis. The second attorney filed an amended petition and answers to interrogatories, both of which had been prepared by Mr. Cascio. Finally, on December 19, 1988, Mr. Touchet obtained a settlement of $8,000.00, which included the previously tendered amount. Although Mr. Touchet spent many hours explaining to Mrs. Johnson what her rights were, the procurement of an additional amount of $6,922.00 in settlement was not the result of Mr. Touchet's efforts solely, but was a combined effort of *357 the two attorneys. It was clear error for the trial court to hold otherwise.
From the reasons for judgment dictated by the trial court into the record, we glean that the trial court misclassified the unconditional tender. The trial court concluded that Allstate's check was a settlement offer, and that Mr. Cascio had urged his client to accept a settlement which would have unconditionally released her claim against the UM carrier.
LSA-R.S. 22:658 A(1) provides that all insurers, except those specifically exempted, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.[1] Failure to make such timely payment, when such failure is found to be arbitrary, capricious, or without probable cause, subjects the insurer to a penalty.
For a tender to be valid as such it must be unconditional. Purvis v. American Motors Corporation, 538 So.2d 1015 (La.App. 1st Cir.1988), writ denied, 541 So.2d 900 (La.1989). An insurer may avoid the imposition of penalties and attorneys' fees by unconditionally tendering part of the claim which is undisputed, when there is a reasonable dispute as to the amount of loss. O'Brian v. Allstate Insurance Company, 420 So.2d 1222 (La.App. 3rd Cir. 1982). However, an offer of payment in exchange for a complete release of the plaintiff's claim is not a tender within the contemplation of LSA-R.S. 22:658. Landry v. State Farm Insurance Company, 529 So.2d 417 (La.App. 1st Cir.1988). Instead, an accord and satisfaction is present when a debtor tenders a check with a written notation indicating it is in full settlement of all claims and the claimant accepts the offer. Harrington v. Aetna Life and Casualty Company, 441 So.2d 1255 (La. App. 1st Cir.1983).
It seems clear here that Allstate had no intention of completely compromising the claim of the Johnsons by tendering $1,078.00. A previous settlement offer had been made of $1,000.00. Allstate filed an amended answer after the check was forwarded to defendant-in-rule and the Johnsons, seeking a credit for the $1,078.00 it had previously tendered. Furthermore, Allstate proceeded toward trial of the matter in late August, as did Mr. Cascio, until he was requested to seek a continuance by his client. Allstate was merely protecting its interests under LSA-R.S. 22:658. Both the language of the transmittal letter and the notation on the check itself are unambiguous; the check was intended as an "unconditional tender." The trial judge, therefore, erred when he found that the "unconditional tender" by Allstate was an attempted compromise of the Johnsons' claim.
Having so ruled, the trial court went on to find that Mr. Touchet, the Johnsons' second attorney, expended most of the effort required to obtain the $8,000.00 settlement. This result is the product of erroneous reasoning. If the $1,078.00 tender was a full compromise, Allstate would not have paid an $8,000.00 "final" settlement of the Johnsons' claim. The trial court was clearly wrong in concluding that the efforts of Mr. Cascio were of no value in producing the $8,000.00 settlement, which occurred only four months after Mr. Touchet took over the case.
Under Rosell v. ESCO, 549 So.2d 840 (La.1989), if we find a reversible error of law was made by the lower court, we are required to determine the facts de novo from the entire record and render a judgment on the merits. However, we note that here the record is lacking evidence of the amount of time actually expended by each attorney on the claim against the UM carrier. We are unable to determine from the record before us how the attorneys' fees should be allocated. We remand to the trial court for the introduction of new evidence and an allocation consistent with the evidence, pursuant to the guidelines of Saucier v. Hayes Dairy Products, Inc., *358 373 So.2d 102 (La.1978), reh'g granted, 373 So.2d 114 (La.1979).[2]
The judgment of the trial court is reversed. The case is remanded for further proceedings consistent with the views expressed in this judgment.
REVERSED AND REMANDED.
NOTES
[1] Prior to 1989, the statute's applicable time period for paying insurance claims was sixty days.
[2] In his brief Mr. Cascio assigned as error the trial court's failure to correctly apply the standards set out by the Louisiana Supreme Court in Saucier. We agree that the case embodies the law applicable to the instant case.