617 So.2d 944 (1993)
AMERICAN MOTORIST INSURANCE COMPANY
v.
AMERICAN RENT-ALL, INC., et al.
Rose Ann WALTON, et al.
v.
AMERICAN RENT-ALL, INC., et al.
Nos. 92-CA-993 and 92-CA-994.
Court of Appeal of Louisiana, Fifth Circuit.
March 17, 1993.
Order Granting Rehearing May 18, 1993.
*945 Burt K. Carnahan and James P. Nader, Lobman, Carnahan & Batt, Metairie, for appellant/defendant Massachusetts Bay Ins. Co.
Leonard J. Cline, Metairie, for appellees/plaintiffs Rose Ann Walton and Jeffrey Walton.
Before GAUDIN, DUFRESNE and CANNELLA, JJ.
CANNELLA, Judge.
Defendant, Massachusetts Bay Insurance Company (Massachusetts Bay), appeals from a judgment granting a Rule to Set Legal Interest filed by plaintiffs, Rose Ann Walton and her husband, Jeffrey Walton. We affirm, holding as invalid Massachusetts Bay's deposit of it's policy limits plus accrued interest and costs into the registry of the court.
This matter arises from an automobile accident involving Mrs. Walton and Bruce Lee (Lee), an employee of American Rent-All, Inc. (American). As a result of damages sustained in the accident, Mrs. Walton and her husband sued American, Lee, their primary liability insurer, Massachusetts Bay, and their excess insurer, Interstate Fire & Casualty Company (Interstate Fire). A bench trial was held on June 27, 28 and 29, 1988. On June 30, 1989 a judgment was rendered in favor of plaintiffs and against defendants in various amounts.
On July 20, 1989 Massachusetts Bay filed a Motion For And Order To Deposit Funds Into The Registry Of The Court. The trial judge signed the order the same day. Massachusetts Bay then deposited $703,812.98, representing its policy limits of $500,000, plus accrued interest and court costs.
Almost two years later, on June 12, 1991, plaintiffs filed a Motion For An Order To Withdraw Funds From The Registry Of The Court. On that same date, plaintiffs also filed a Rule To Tax Costs And Set Legal Interest against American, Lee, Massachusetts Bay and Interstate Fire. The rule, opposed by Massachusetts Bay, claimed that the deposit of funds by Massachusetts Bay was defective. Both the motion and rule were set for hearing on July 25, 1991. The minute entry of July 25, 1991 only states, "Motion To Withdraw Registry Of Court Has Been C.W.D." Two judgments followed which each cited the hearing of July 25, 1991. The first, dated July 26, 1991, granted plaintiff's Motion For An Order To Withdraw Funds From The Registry Of The Court. The second, dated November 21, 1991 and accompanied by Reasons For Judgment, granted plaintiff's Rule to Set Legal Interest. On January 29, 1992, plaintiffs withdrew the deposited funds in the amount of $775,512.49. Massachusetts Bay filed a Motion And Order For New Trial regarding the judgment dated November 21, 1991. It was heard on February 10, 1992, taken under advisement and denied on July 24, 1992. Massachusetts Bay appeals herein from that judgment of November 21, 1991.
On appeal, Massachusetts Bay asserts that the trial judge erred in granting the Rule To Tax Costs And Set Legal Interest. It contends that the trial judge erroneously determined that the tender and deposit did not meet the legal criteria set forth in LaGraize v. Bickham, 391 So.2d 1185 (La. App. 4th Cir.1980) because it was not unconditional, because appellant failed to allege or show a tender and refusal and because there was no contradictory hearing on Massachusetts Bay's motion to deposit the funds. Massachusetts Bay contends that it complied with the law and that the deposit in no way prejudiced plaintiffs.
In LaGraize v. Bickham, an auto accident case, the Fourth Circuit set out certain criteria for a judgment debtor to stop the accrual of legal interest by depositing the amount of the debt in the court registry. It also distinguished this procedure from a concursus proceeding.[1] The court stated at page 1190-1191:

*946 "Plaintiff contends that there is no authority for such a procedure. This we concede but we know of no statue or codal provision that prohibits such a procedure and sanction the same under the following conditions: There first must be a tender to and refusal to accept by the judgment creditor. The tender and/or the deposit must be for the full amount of the judgment, including costs and interest. It must be unconditional and constitute a complete waiver of any future defense as to liability on the part of the judgment debtor. Acceptance of the tender and/or withdrawal of the funds by the judgment creditor(s) is without prejudice to any of its (their) rights to appeal as to quantum. In the event of an increase in quantum on appeal, the judgment debtor is liable for all additional costs together with legal interest on the amount of the increase from date of judicial demand until paid. Under the above, the advantages to both the judgment creditor and debtor are apparent. The former has the benefit of his money and the latter is relieved of certain additional costs and neither is harmed."
This court followed LaGraize in Gagnet v. Zummo, 487 So.2d 721 (La.App. 5th Cir. 1986), as did the Third Circuit in Green v. Industrial Helicopters, Inc., 560 So.2d 684 (La.App. 3rd Cir.1990). The First and Second Circuits have allowed the deposit procedure, relying on the old La.C.C. art. 2167 and the new enactment in art. 1869, without citing LaGraize. See: Pichauffe v. Naquin, 241 So.2d 574 (La.App. 1st Cir. 1970); Canada v. Myers, 511 So.2d 1223 (La.App. 2nd Cir.1987); Purvis v. American Motors Corp., 538 So.2d 1015 (La.App. 1st Cir.1988) and Nicholes v. St. Helena Parish Police Jury, 604 So.2d 1023 (La. App. 1st Cir.1992).
In this case, the trial judge found that there was no evidence of a tender and refusal and that the deposit was not unconditional. The trial judge further found that there was no contradictory hearing, apparently concluding that a contradictory hearing was required.
Only the Third Circuit in Green v. Industrial Helicopters, Inc., has specifically stated that a contradictory hearing is required. Neither LaGraize nor our decision in Gagnet require a contradictory hearing to confect this type of deposit. A contradictory hearing is required by statute for a concursus proceeding because there are competing or conflicting claims. See, La.C.C.P. art. 4652. The same concerns are not at issue in a deposit to stop the accrual of interest and we find a contradictory hearing unnecessary.
An unconditional tender and a refusal to accept the tender is required under all of the cited cases. The refusal entitles the depositor to the effects of performance. La.C.C. art. 1869.[2] The tender, for the purposes herein, must be by deposit or in another manner, making the deposit available to the other party without affecting the other party's rights. See: Pichauffe v. Naquin, supra; Nicholes v. St. Helena Parish Police Jury, supra; Purvis v. American Motors Corp., supra. See also: LaGraize v. Bickham. However, LaGraize appears to require a tender prior to deposit, whereas the Second and First Circuits, in the Canada and Purvis cases, state that a separate tender is not required. In Nicholes the First Circuit remanded for a hearing to determine when, and if, a tender was made and refused.
In this case, the deposit was made ex parte, by motion of Massachusetts Bay and order signed by the trial court. There is no evidence that a tender was made and refused. Thus, these requirements were not met. In addition, while the language of the motion contains reservations as to other parties, it also contains provisions *947 which the trial judge found rendered the deposit conditional. Thus, the trial judge found that the unconditional element of a valid deposit is also not met. This court has carefully read the motion and order and finds that the trial judge was not manifestly erroneous in his conclusion that the deposit was conditional. See generally for cases on unconditional tender: Succ. of O'Keefe, 12 La.Ann. 246 (1857); Schramm v. Toye Brothers Yellow Cab Co., 169 So. 116 (Orl.Cir.1936); Garrell v. Good Citizens Mutual Benefit Assn., 11 So.2d 259 (Orl.App.1942); Collins v. Employers' Liability Assurance, Corp., 116 So.2d 851 (La. App. 1st Cir.1959).
Massachusetts Bay further asserts that, because the plaintiffs withdrew the deposit, the issue is moot since the judgment against it is "fully satisfied". However, the motion to withdraw was filed along with a motion contesting the deposit. Hence, we do not find that the withdrawal prejudiced the rights of plaintiffs to challenge whether the deposit was correctly confected. Thus, we find that plaintiffs did not waive the right to seek additional judicial interest beyond the deposited amount.
Accordingly, the trial court judgment is hereby affirmed.
Costs are to be paid by Massachusetts Bay.
AFFIRMED.
REHEARING GRANTED WITHOUT ORAL ARGUMENT.
Appellant requests that this court reconsider its decision, which affirmed the trial court judgment. Appellant asserts the invalidity of the deposit and the waiver by appellees of any interest from the date of deposit forward, due to appellee's withdrawal of the funds about two years later. Appellant also asks that we find that no interest is due from the date that appellees withdrew the funds and further that it should be given a credit for interest earned on the funds while they were deposited in the registry of the court. We find that the only issue that merits a modification of our opinion relates to whether interest is due from the date of the withdrawal by appellees.
The arguments raised in conjunction with the issues of the validity of the deposit and the waiver were adequately analyzed and rejected in our original opinion. Further, we decline to address the issue relating to the appellant's right to a credit for interest earned on the funds while the funds were in the registry of the court. This issue was neither raised in the original briefs to this court, nor was it assigned as error. Matters neither assigned as error nor argued, or, matters assigned as error, but not argued may be considered abandoned. See: Uniform RulesCourts of Appeal, Rule 2-12.4, 8 LSA-R.S.; Oubre v. Bank of St. Charles and Trust Co., 499 So.3d 602 (La.App. 5th Cir.1986), writ denied, 503 So.2d 20 (La.1987); LeBlanc v. LeBlanc, 600 So.2d 160 (La.App. 3rd Cir. 1992). This rule precludes consideration of issues raised for the first time in the motion for rehearing. Consequently we reaffirm the issue of validity and waiver and decline to consider whether interest accruing on the deposited amount is owed to appellant.
In regard to the issue of whether interest stopped accruing when appellees withdrew the deposited amount, we agree with appellant. Once a judgment is paid, legal interest ceases to accrue. Lewis v. Macke Building Services, Inc., 524 So.2d 16, 23 (La.App. 5th Cir.1988), writ denied, 532 So.2d 131 (La.1988).
The purpose of the law requiring legal interest on actions has been stated in two ways. First, interest is designed to compensate plaintiff for the loss of use of funds he is entitled to but does not have because the funds are in the hands of defendant who has had the use of the money. Hebert v. Exxon Corp., 770 F.Supp. 314 (E.D.La.1991). Second, a purpose is to compensate for the delay in the performance of an obligation to pay money. Grennon v. N.O. Public Service, 17 La. App. 700, 136 So. 309 (La.1931), See: La. C.C. art. 2000. Thus, when a partial settlement of the claim has been made, defendant only owes for the remainder. See: *948 Hubert v. Martin, 572 So.2d 659 (La.App. 5th Cir.1990); Pugh v. Gondrella, 522 So.2d 1257 (La.App. 4th Cir.1988).
Appellees filed the motion to set legal interest, along with the motion to withdraw the funds, on June 12, 1991. The motion to withdraw the funds was granted and a judgment rendered on the motion on July 26, 1991. However, the motion to set legal interest was still pending and was not resolved until November 1991. Appellees subsequently withdrew the funds on January 29, 1992. At the time, the interest on the judgment stopped accruing. Pursuant to our original ruling in this case, appellant still owes the amount of interest which accrued from the date of deposit. However, once the deposited amount was withdrawn, appellant's obligation was considered paid and no further interest is due. Thus, the judgment of the trial court and our decree in the appeal will be modified to order appellant to pay legal interest from the date of the deposit until the date the funds were withdrawn by appellees.
Accordingly, the trial court judgment and the decree in American Motorist Insurance Company v. American Rent-All, Inc., et al., 617 So.2d 944 (La.App. 5th Cir.1993) are hereby amended. Appellant, Massachusetts Bay Insurance Company, is hereby ordered to pay to Appellees, Rose Ann Walton, wife of/and Jeffrey Walton, judicial interest on the sum of Five Hundred Thousand and no/100 ($500,000) Dollars from July 20, 1989 until January 29, 1992.
The judgments of the trial and appellate courts are otherwise affirmed.
NOTES
[1] Under La.C.C.P. art. 4652, a concursus proceeding is one in which two or more persons having competing or conflicting claims to money, property, mortgages or privileges on property are impleaded and required to assert their respective claims, contradictorily, against all other parties to the proceeding.
[2] "When the object of the performance is the delivery of a thing or sum of money and the obligee, without justification, fails to accept the performance tendered by the obligor, the tender, followed by deposit to the order of the court, produces all the effects of a performance from the time the tender was made if declared valid by the court.

A valid tender is an offer to perform according to the nature of the obligation."