PER CURIAM.
This appeal and cross-appeal arise from an action brought by appellants, Larry and Joan McDaniel, against appellee Mark O’Lano, the tort-feasor, and appellees, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company, their UM carriers, for the death of their son, Michael McDaniel. We affirm the issues on appeal, and write only to address the issue on cross-appeal.
We agree with cross-appellant that the trial court erred by entering a final judgment against State Farm Fire which included prejudgment interest on the entire verdict. The following background is relevant to the issue: O’Lano’s car struck the decedent’s car in Baton Rouge, Louisiana. O’Lano had a minimal liability policy. The parties agreed that Louisiana law governed the entire case. Pri- or to trial, the McDaniels settled their claims with State Farm Mutual for $200,000 and executed a general release and dismissal of State Farm Mutual. They also partially settled their claims against State Farm Fire for $200,000 and executed a partial release of State Farm Fire. The parties stipulated that the State Farm companies were to be given full credit by the Court for the payments as against any award to the McDaniels. The jury returned a verdict in the amount of $350,000.
The general release and dismissal of State Farm Mutual for $200,000 did not include a reservation by the McDaniels of their right to prejudgment interest. Under Louisiana law, an individual who releases any party that may be responsible for interest without a reservation of interest in the release is presumed to have waived his right to interest. LA.CIV.CODE Art. 2925 and Pugh v. Gondrella, 522 So.2d 1257 (La.App. 4th Cir.1988). Therefore, the McDaniels are not entitled to prejudgment interest on the full verdict, but only on $150,000 (the amount in excess of the $200,000 paid by State Farm Mutual).
Affirmed in part; reversed in part and remanded for recalculation of prejudgment interest.
HERSEY, POLEN and STEVENSON, JJ., concur.