| iDALEY, Judge.
|2The sole issue presented in this appeal is whether the award of judicial interest on the underlying judgment should be simple or compound. Pursuant to appellant, Garlepied Transfer, Inc.’s (GTI), Motion to Establish Judicial Interest Award, the trial court ruled that appellant was entitled to simple interest. We affirm. °
The underlying judgment, which is the subject of the interest award, was affirmed as amended by this court in Garlepied Transfer, Inc. v.. Guaranty Bank and Trust Co., 94-549 (La.App. 5 Cir. 5/30/95), 656 So.2d 728. (For a complete procedural history of this case, please refer to the above opinion.) In that opinion, this court found that interest would be awarded from the date *195 of judicial demand. This court did not specify simple or compound interest. The trial court judgment, likewise, did not specify. Each party applied for writs of certiorari and/or review to the Supreme Court, which were denied.[1]
Appellant avers that the purpose of awarding judicial interest is to compensate the plaintiff for the loss of the use of money and/or property which rightfully should have belonged to the plaintiff. They argue that the defendant, Guaranty Bank and Trust Co. (Guaranty), had the use of the money for twelve years, loaning it at compounded interest and if they are only obligated to pay simple interest on the judgment the bank would profit from its wrongdoing in this case. Guaranty points out in brief that from October 1984 until February 1989, plaintiff did not prosecute this case, and that plaintiff requested continuances that postponed the original trial date almost a year and a half. Thus, the lapse of twelve years is attributable to plaintiff, not defendant.
GTI cites LSA-C.C. arts. 2000- and 2001 and the comment to art. 2001 to support its argument that compound interest is allowed for moratory damages. However, the text of art. 2001 makes clear that only the agreement of the parties allows interest on accrued interest. Clearly no such agreement exists here. Moreover, these articles are found in Title IV of the Civil Code, entitled “Conventional Obligations or Contracts.” GTI’s damages were awarded for breach of fiduciary duty, a tort, not a contractual matter.
 Interest on interest is not favored in the law and should not be awarded absent express legislative authority. Seals v. Morns, 465 So.2d 140 (La.App. 1 Cir.1985). GTI cites several cases for the argument that interest should be compounded; however, these cases sound in. federal admiralty law, not Louisiana law, and are not applicable. GTI also argues that LSA-C.C. art. 2924 leaves the computation of interest (simple or compound) on judgments to the discretion of the trial court. We can find no authority for that statement. GTI asserts that interest on-judgments is for the purpose of compensating the plaintiff for the use of funds to which he is entitled |4but does not have because the funds are in the hands of defendant. American Motorist Ins. Co. v. American Rent-All, Inc., 617 So.2d 944 (La.App. 5 Cir.1993). Therefore, since plaintiff could have invested the money somewhere paying compound interest, GTI is entitled to compound interest on this judgment. However, GTI does not discuss the Seals opinion, which the court relied upon in its judgment. We can find no case occurring under Louisiana state law that has awarded compound interest absent some special legal circumstances, legislative authority, or agreement of the parties. Interest on judgments “ex delicto” is simple interest.
Accordingly, we affirm the trial court’s ruling on the Motion to Establish Judicial Interest Award. All costs of this appeal are taxed to GTI.
AFFIRMED.

. 95-1625 and 95-1638 (La.10/6/95), 661 So.2d 470.