362 So.2d 498 (1978)
Perry M. SEGURA, d/b/a Perry Segura and Associates
v.
LOUISIANA ARCHITECTS SELECTION BOARD et al.
No. 61390.
Supreme Court of Louisiana.
September 5, 1978.
Max N. Tobias, Jr., New Orleans, J. Burton Willis, St. Martinsville, William P. Brumfield, Brumfield & Brumfield, Baton Rouge, for plaintiff-appellant.
William J. Guste, Jr., Atty. Gen., Kenneth C. DeJean, Thomas S. Halligan, Asst. Attys. Gen., for defendants-respondents.
SUMMERS, Justice.
Plaintiff Perry M. Segura, doing business as Perry Segura and Associates, sued the Louisiana Architects Selection Board and its members; the Louisiana Engineers Selection Board, and its members; the Louisiana Landscape Architects Selection Board, and its members; the State of Louisiana, Division of Administration; the Governor; the Capitol Outlay Budget Board; the Lieutenant Governor; the State Treasurer; Kevin P. Reilly; B. B. Rayburn; and Nichols State University.
Plaintiff sought a judgment declaring that he had a valid and binding contract to furnish architectural services for the construction of a building to be known as the Ellender Memorial Library at Nichols State University. Judgment was rendered in favor of plaintiff and against the defendants, the Governor and the State of Louisiana, Division of Administration, through the Commissioner, jointly and in solido, declaring the contract in question to be valid and binding on the State, the Governor and the Commissioner of Administration. It was also ordered that costs be paid by defendants "to the extent provided by law."
On appeal to the First Circuit the trial court judgment was affirmed. That court also decreed: "The State shall pay whatever costs it may be responsible for under the law." 340 So.2d 369 (La.App.1976). Defendants' application for writs to this Court was denied. 342 So.2d 676 (1977).
*499 Thereafter plaintiff Segura brought a rule against defendants, in accordance with Article 1920 of the Code of Civil Procedure, to show cause why they should not be condemned to pay costs in this matter, or, alternatively, why costs should not be reimbursed and refunded to plaintiff by the clerks of court and sheriffs to whom plaintiff had advanced or paid costs in the course of this litigation. After a hearing, plaintiff's rule was dismissed in the trial court and this dismissal was affirmed on appeal to the First Circuit. 353 So.2d 330 (1977). On application of the plaintiff in rule writs were granted by this Court to review the judgment of the Court of Appeal. 354 So.2d 1051 (La.1978).
By Act 135 of 1936, later amended by Act 509 of 1964, Section 4521 of Title 13 of the Revised Statutes was enacted declaring that,
"Except as hereinafter provided, neither the state, nor any parish, municipality, or other political subdivision, public board or commission shall be required to pay court costs in any judicial proceeding instituted or prosecuted by or against the state or any such parish, municipality or other political subdivision, board or commission, in any court of this state or any municipality of this state, including particularly, but not exclusively, those courts in the Parish of Orleans and the City of New Orleans. This Section shall have no application to stenographers' costs for taking testimony."
Thereafter, in 1974, Louisiana's new constitution was adopted wherein it was provided that "Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property." La. Const, art. XII, § 10(A).
The narrow question presented by this case is whether the exemption from payment of costs granted to the State in judicial proceedings by Section 4521 of Title 13 of the Revised Statutes was superseded by Section 10(A) of Article XII of the Constitution of 1974 declaring that the State shall not be "immune from suit and liability in contract." And, if the Constitution did supersede Section 4521 in this regard, is the State required to pay costs in this case?
If the State has no immunity from suit or liability in contract under the Constitution, it is not immune from payment of costs of court incurred by the party who prevails in such a suit against the State, and any statutory enactment to the contrary must succumb to this constitutional proposition.
Costs of court are part of the "liability" to which a party cast in litigation is subject. As plaintiff in this suit Segura was required to advance costs to the clerks of the courts through which this litigation progressed. These advances, insofar as they have been incurred, and other costs paid by plaintiff and properly chargeable to this suit, would reduce the value of the award in Segura's favor if he could not be reimbursed to that extent. The consequence would be that the State was relieved of part of its liability. The Constitution makes no such concession.
Even before the constitution declared the State was not immune from suit and liability in contract and tort, the State was required by statute to pay the stenographer's costs for taking testimony if cast in judgment. In light of the clear constitutional declaration that the State is not immune from suit and liability in this suit in contract, there is no reason why the State should not now be cast in judgment for all other costs. Under the facts of this case this can be accomplished by a judgment in favor of Segura in the amounts advanced or incurred by him for costs. If other costs not advanced or incurred by Segura are involved, the question whether clerks of courts, sheriffs and others can collect these costs from the State is not before us. Our concern is Segura's claim against the State for costs incurred and advanced by him through all phases of this litigation. He is entitled to a judgment against the State in that amount.
Segura's claim for attorney's fees cannot be allowed. There was no stipulation to pay attorney's fees in the contested contract, and no statute allows recovery of attorney's fees in such cases. Recovery of *500 attorneys' fees in this State is allowed only when required by contract or statute. Nassau Realty Co. v. Brown, 332 So.2d 206 (La.1976); Hughes v. Burguieres, 276 So.2d 267 (La.1973).
For the reasons assigned, the case is remanded to the trial court for a hearing and a determination of the costs advanced and incurred by Segura and for judgment in his favor in that amount.
SANDERS, C. J., dissents and assigns reasons.
DIXON, J., dissents.
SANDERS, Chief Justice (dissenting).
In Act No. 467 of 1978, the Legislature has now made the state and its agencies liable in appropriate cases for the payment of court costs. This act is inapplicable to the present case. I disagree with this decision for a most compelling reason: It holds that the state's liability for court costs is mandated by Section 10(A) of Article XII of the Louisiana Constitution of 1974. Thus, it freezes court costs' liability in the constitution, removing it from legislative authority. In my opinion, the decision is unsound.
The obligation to provide funds for the courts has always been a legislative function. Hence, the Legislature has the authority to exempt the state and its agencies from the payment of court costs and to finance the courts through other means.
Prior to the 1974 Constitution, the Legislature adopted such a court costs statute. LSA-R.S. 13:4521 reads as follows:
"Except as hereinafter provided, neither the state, nor any parish, municipality, or other political subdivision, public board or commission shall be required to pay court costs in any judicial proceeding instituted or prosecuted by or against the state or any such parish, municipality or other political subdivision, board or commission, in any court of this state or any municipality of this state, including particularly, but not exclusively, those courts in the Parish of Orleans and the City of New Orleans. This Section shall have no application to stenographers' costs for taking testimony."
This statute should be given effect in the present case unless it is unconstitutional. The majority, however, holds that it has been "superseded" by Article 12, Section 10(A) of the 1974 Constitution.
The constitutional provision provides:
"Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property."
The constitutional provision refers to immunity "from suit and liability in contract or for injury to person or property." I agree with the Court of Appeal that the removal of the immunity does not give rise to the obligation to pay court costs. The payment of court costs is not a necessary incident of liability in contract or for injury. Court costs are separable, and payment is regulated both by the Legislature and the courts.
The doctrine of sovereign immunity was abrogated prior to the 1974 Constitution. See Board of Commissioners of the Port of New Orleans v. Splendour Shipping & Enterprises Company, Inc., La., 273 So.2d 19 (1973). The holding in Splendour was reexamined in Darville v. Associated Indemnity Corporation, La., 323 So.2d 441 (1975) in light of the 1974 Constitution. We concluded from an examination of the Berbatim Transcripts of the 1973 Constitutional Convention that the intent of the constitutional provision was to do no more than officially abrogate the judicial doctrine of sovereign immunity and to give constitutional status to the principle that the state is amenable to suits on contracts and for injuries to persons and property without first obtaining the permission of the Legislature. State of Louisiana, Constitutional Convention of 1973. Verbatim Transcripts. 39 Volumes. [1973-1974] VI Proceedings. (21st day, July 27), pp. 22-23; 34; 37; 39-46. See, Jenkins v. Orleans Parish School Board, La., 310 So.2d 831 (ON REHEARING, 1975).
The Court of Appeal, in my opinion, correctly held:

*501 "The obligation to provide funds to support the courts of the State is a legislative function. It has absolute control over the finances of the State except as limited by constitutional provisions. Woodward v. Reily, 244 La. 337, 152 So.2d 41 (1963); Article 3, § 22, Louisiana Constitution of 1921; Article 3, § 16, Louisiana Constitution of 1974. It is the Legislature that decides how the branches and departments of government shall be funded from the public fisc. It could have provided such revenues in full in the General Appropriations Act. However, it chose to fund the courts, in part, by assessing all litigants with costs of court, LSA-C.C.P. art. 1920, and exempting itself in part by virtue of the provisions of LSA-R.S. 13:4521. We do not find that Article 12, § 10(A), supra, has in any way limited the Legislature's power in this respect." [Segura v. Louisiana Architects Selection Bd., La.App., 353 So.2d 330 at 332-333 (1977).]
For the reasons assigned, I respectfully dissent.