11ARMSTRONG, Judge.
This is an appeal from a judgment ordering that the defendant, the State of Louisiana, Through the Department of Transportation and Development (“DOTD”), pay prejudgment interest to the plaintiffs, Aveau Wheeler and her husband, Gerald, and to intervenor, Liberty Mutual Insurance Company (“Liberty”), pursuant to La.C.C. art. 2924. Finding no error in the judgment of the trial court, we now affirm.
The facts are undisputed. Aveau and Gerald Wheeler filed suit against the defendants, the DOTD and Michael J. Seardina, seeking damages for personal injuries and loss of consortium,' sustained as a result of an injury to Gerald Wheeler while in the course and scope of his employment with IBM Corporation. IBM was insured under a worker’s compensation policy issued by Liberty, which paid medical expenses in the amount of $26,-309.80.
Judgment was rendered on July 20, 1993, in favor of plaintiffs and Liberty. Interest was awarded from date of judicial demand. Defendant forwarded cheeks for satisfaction of judgment, with pre-judgment interest computed pursuant to La.R.S. 13:5112(C), which set pre-judgment interest at 6%. Plaintiffs and Liberty reserved their rights to dispute the calculation of pre-judgment interest.
On November 18, 1994, plaintiffs filed a rule to show cause why the DOTD should not pay legal interest pursuant to La.C.C. art. 2924. The DOTD filed exceptions of improper venue, lack of subject matter jurisdiction, unauthorized use of summary proceeding, vagueness |2and lack of procedural capacity.[1] The trial court overruled the exceptions and ordered that pre-judgment interest was to be paid pursuant to La.C.C. art. 2924. The trial court did not indicate whether this was a clarification of its original judgment or was a change from that judgment.
Defendant DOTD clams the trial court erred in overruling its exceptions or, alternatively, in finding that pre-judgment interest was to be calculated according to La.C.C. art. 2924.

EXCEPTIONS

Lack of subject matter jurisdiction: Defendant claims the trial court lacked jurisdiction over the subject matter of the plaintiffs’ motion because a final and definitive judgment had been rendered. Defendant argues *790 that any “positive” change in the rate of interest is a substantive change in the judgment not permitted by La.C.C.P. art. 1951.
In Pringle Associated Mortgage Corp. v. Cox, 234 So.2d 854 (La.App. 1st Cir.1970), affirmed, 258 La. 499, 246 So.2d 841 (1971), the court held that an amendment to a judgment to change the way in which interest was computed was a substantive change not permitted by La.C.C.P. art. 1951. The instant case differs from Pringle, however, because there is no indication that the amendment to the judgment, decreeing that interest was to be paid according to La.C.C. art. 2924, was a change. While the record does not contain a copy of the original judgment, the defendants represent that it simply awarded damages together “with interest from judicial demand and costs.” This language does not reflect a differentiation between pre-judgment and post-judgment interest. Even though La.R.S. 13:5112(C) was not declared unconstitutional by the Louisiana Supreme Court in Rick v. State, DOTD, 93-1776, 93-1784 (La. 1/14/94), 630 So.2d 1271, until six months after the judgment in this ease was rendered, as will be further discussed in dealing with the issue of retroactivity, the provision was patently unconstitutional. La. Const, art. XII, § 10(A). Because of this, we cannot infer from the judgment that the trial court contemplated the DOTD paying pre-judgment interest at a rate less than would be paid by any other defendant pursuant to La.C.C. art. 2924. There is no evidence |3that the judgment appealed from makes any substantive change in the rate of interest in violation of the provisions of La.C.C.P. art. 1951.
Lack of procedural capacity: The defendant claims that it, the Department of Transportation and Development, is an improper party defendant for the relief sought since it is the Treasurer who pays an amount due based upon the calculation performed by the Division of Administration. We disagree. The original judgment of the trial court was clarified by the judgment in the instant case. The original judgment was rendered against the DOTD. The instant judgment clarifying that judgment was properly rendered against the DOTD. The DOTD was the proper party defendant.
Improper venue: The pillar of defendant’s argument as to the trial court’s denial of the exception of improper venue is its assertion that the State Treasurer or the Division of Administration was the proper party defendant to this rule to show cause. We rejected that argument and thus find no merit to this argument as to venue.
Improper use of summary procedure: Defendant submits that plaintiffs essentially sought a declaratory judgment as to the method of computing interest and that summary procedure was an improper vehicle to dispose of that matter. La.C.C.P. art. 2592 specifies the matters in which summary proceedings may be employed. Included are incidental questions arising in the course of judicial proceedings, such as the award of and the determination of reasonableness of attorney’s fees. La.C.C.P. art. 2592(1). The trial court did not specify the rate of legal interest in its original judgment. The plaintiffs reserved their right to raise this issue. Considering this, we have previously characterized the plaintiffs’ “Rule To Show Cause” as more on the order of a motion for clarification of judgment. The plaintiffs’ “rule” fell under La.C.C. art. 2592(1). Whether or not the trial court intended that pre-judgment legal interest on the award of damages was to be paid pursuant to La.C.C. art. 2924 was an incidental question arising in the course of judicial proceedings.

APPLICATION OF LAC.C. ART. 2921

In Rick v. State, DOTD, supra, the Louisiana Supreme Court held La.R.S. 13:5112 unconstitutional, stating, simply:
LAs explained in Segura v. Louisiana Architects Selection Bd., 362 So.2d 498 (La.1978), and Chamberlain v. State Through DOTD, 624 So.2d 874 (La.1993), the limitation conflicts with Louisiana Constitution Article XII, § 10(A).
Subsequent to Rick, in Magee v. Landrieu, 95-0437, 95-0438, 95-0474 (La. App. 1st 3/17/95), 653 So.2d 62, writ denied, 95-0790 (La. 4/21/95), 654 So.2d 319, the First Circuit Court of Appeal held that both *791 Chamberlain and Rick would not be applied retroactively to eases which were final, definitive and executory at the time of the decisions. For the following reasons, we disagree with the holding of the First Circuit in Magee insofar as it applies to the facts of this case — a final, definitive and executory judgment wherein the plaintiffs reserved their rights as to interest being paid pursuant to La.C.C. art. 2924. The Magee court set out the applicable law as to the determination of retroactivity as follows:
Generally, when statutes are declared unconstitutional they are void ab initio and all acts done under such statutes are void and of no effect. Smith v. Lincoln Parish Police Jury, 327 So.2d 641, 644 (La.App. 2nd Cir.1976) (citing Flournoy v. First Nat. Bank of Shreveport, 197 La. 1067, 3 So.2d 244 (1941)). Furthermore, unless a decision specifies otherwise, it is to be given prospective and retroactive effect. Succession of Clivens, 426 So.2d 585, 594 (La.1982) (on rehearing). However, retro-activity is not constitutionally mandated and states are free to limit the retroactivity of civil decisional law when necessary or advisable. See Clivens, 426 So.2d at 600. (Supreme court gave limited retroactive effect to Succession of Brown, 388 So.2d 1151 (La.1980) which declared unconstitutional La.Civ.Code art. 919.); Lovell v. Lovell, 378 So.2d 418, 422 (La.1979) (supreme court did not give retroactive application to their decision which declared La.Civ.Code art. 160 unconstitutional.)
The three factors to consider when determining whether a decision should be made nonretroactive are:
(1) the decision to be applied nonretro-actively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed; (2) the merits and demerits must be weighed in each case by looking to the prior history of the rule in question, its purpose and effect and whether retrospective application will further or retard its operation; and (3) the inequity imposed by retroactive application must be weighed.
Clivens, 426 So.2d at 594-95; Lovell, 378 So.2d at 421-22.
Applying the first factor, we find, as did the First Circuit, that La. Const, art. XII, § 10(A), unambiguously rejects sovereign immunity and foreshadowed the conclusion reached by the Supreme Court in Rick. We also agree with the First Circuit in further finding that Segura ^foreshadowed the holding in Rick. In Segura, the court held that Act 509 of 1964, exempting the State from payment of costs, was patently unconstitutional under La. Const, art. XII, § 10(A). It said the Louisiana constitution of 1974 made no such concession. We are in agreement with the First Circuit’s reading of Segura, which it said “leads one to the conclusion that the state may not be relieved of any part of the liability imposed in section 10(A).” 653 So.2d at 66.
We agree with the First Circuit that a retroactive application would further the holding of Rick The constitutional provision doing away with sovereign immunity has been effective since January 1, 1975 and Rick, we believe, simply reaffirms what the provision plainly states. A prospective-only application would retard the operation of La. Const, art. 10, § 10(A).
As to the third factor to be considered, we differ from the Magee court’s conclusion that the inequity of the retroactive application to the taxpayers of the State outweighed the inequities to the aggrieved parties. The instant case differs from Magee. Here, the plaintiffs and the intervenor specifically reserved their rights as to whether pre-judgment interest was to be paid according to La.C.C. art. 2924. The plaintiffs and interve-nor were entitled to pre-judgment interest under La.C.C. art. 2924. The State was prohibited by the 1975 constitution from relieving itself from liability for any part of that interest. The plaintiffs and the interve-nor reserved their rights accordingly. The inequity to the plaintiffs and the intervenor by prospective-only application of Rick favors retroactive application in this case.
Considering the three factors discussed above, we hold that, under the circumstances presented by this case, a final, definitive *792 judgment wherein the parties reserved their rights vis-a-vis the payment of pre-judgment interest, Rick is to applied retroactively. The trial court correctly found that pre-judgment interest was to be paid according to La.C.C. art. 2924.
For the foregoing reasons, we affirm the judgment of the trial court.

AFFIRMED.

. The defendant does not address the exception of vagueness on appeal.