THOMAS R. DENTON
v.
PAMELA A. VIDRINE, AMERICAN DEPOSIT INSURANCE COMPANY, LA SHERIFFS' AUTOMOBILE RISK PROGRAM, AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
PAMELA VIDRINE
v.
THOMAS R. DENTON, RANDALL ANDRE IN HIS CAPACITY AS SHERIFF FOR THE PARISH OF WEST BATON ROUGE  WEST BATON ROUGE PARISH SHERIFF'S OFFICE, LOUISIANA SHERIFFS' AUTOMOBILE RISK PROGRAM AND XYZ INSURANCE COMPANY.
No. 2006 CA 0143R, Consolidated with No. 2006 CA 0144R.
Court of Appeals of Louisiana, First Circuit.
December 21, 2007.
LEWIS O. UNGLESBY, ROBERT M. MARIONNEAUX, HARRY L. SHOEMAKER, III, JOHN P. CALMES, JR., Attorneys for Plaintiff-Appellant, Thomas R. Denton.
BURT K. CARNAHAN, EDWARD F. RUDIGER, JR., SUZANNE WILLOUGHBY MILLER, TERRY J. BUTCHER, Attorneys for Defendant-Appellee, State Farm Mutual Automobile Insurance Company.
Before WHIPPLE, PETTIGREW, DOWNING, HUGHES, and WELCH, D.
DOWNING, J.
These consolidated cases involve claims for damages resulting from personal injuries arising out of the same vehicular collision.[1] Following a lengthy trial, the jury returned a verdict in favor of plaintiff, Thomas R. Denton, awarding damages totaling $5,285,908.00 and ordering Mr. Denton's uninsured/underinsured motorist carrier, State Farm Automobile Insurance Company, to pay its policy limits of $50,000.00 plus court costs and interest from the date of judicial demand until paid. A final judgment in accordance with the jury's findings was signed by the trial court on November 3, 2004. Thereafter, on January 6, 2005, Mr. Denton filed a "Motion To Introduce Additional Evidence And To Fix Interest," seeking to have the trial court set the interest owed to him by State Farm. Mr. Denton appeals from the trial court's June 27, 2005 judgment denying said motion. For the reasons that follow, we reverse and remand.

PROCEDURAL HISTORY
This case is before us now on remand from the Louisiana Supreme Court. In a previous decision of this court, we concluded the trial court was without jurisdiction to act on Mr. Denton's motion. Thus, we pretermitted the issues raised in Mr. Denton's appeal and vacated the trial court's June 27, 2005 judgment. See Denton v. Vidrine, XXXX-XXXX (La. App. 1 Cir. 12/28/06) 947 S.2d 850 (unpublished). On June 1, 2007, the Louisiana Supreme Court granted State Farm's writ application finding "[t]he district court was not divested of jurisdiction from ruling on this particular motion." So concluding, the supreme court vacated this court's earlier ruling and remanded the case to our court for consideration on the merits. Denton v. Vidrine, XXXX-XXXX (La. 6/1/07), 957 So.2d 162.

DISCUSSION
The Louisiana Supreme Court in granting State Farm's writ ordered that the district court was not divested of jurisdiction from ruling on this particular matter, citing La.C.C.P. art. 2088. At the outset, we note there is nothing in La. C.C.P. art. 2088 that specifically says the district court is divested of jurisdiction or the authority to hear evidence in calculating interest. Moreover, La. C.C.P. art. 2088 specifically provides that the trial court continues to have jurisdiction over the right to "[e]xecute or give effect to the judgment when its execution or effect is not suspended by the appeal." Although a motion to hear evidence to calculate interest due on a judgment is not specifically set forth in the list of enumerated circumstances in which the trial court retains jurisdiction, the Supreme Court has interpreted Article 2088 as containing a non-exclusive list."
In State Through Dept. of Social Services on Behalf of Harden v. Southern Baptist Hosp., 94-2228, pp. 6-7 (La.App. 4 Cir. 10/12/95), 663 So.2d 443, 448-449, the court found that the case law is clear that the list of circumstances over which a trial court retains jurisdiction enumerated in La.C.C.P. art. 2088 is not intended to be exclusive. See Valet v. City of Hammond, 577 So.2d 155, 162 (La.App.2d Cir. 1991). Under the express provisions of the article, the trial court is not considered divested of jurisdiction to consider any issue that is "not reviewable on appeal." This language, "not reviewable on appeal," has generally been interpreted to give the trial court continuing jurisdiction over all issues that are "unaffected by the appeal," even if the issue is not specifically listed in La.C.C.P. art. 2088. Halley v. Guerriero, 577 So.2d 781, 783 (La.App. 2 Cir. 1991).
We conclude that either under La. C.C.P. art. 2088(7) or La. C.C.P. art. 2088, a motion to fix interest is similar to a motion to fix costs. Evidence is permissible at a motion to fix costs; thus, evidence should be permissible to show the amount of interest owed. Since the trial court is not divested of its jurisdiction in this matter, the trial court has jurisdiction to clarify its judgment as to the amount of interest defendant owes. Therefore, the trial court was legally wrong in ruling that evidence was inadmissible. This matter is hereby remanded to the trial court for the taking of evidence.

DECREE
For the above and foregoing reasons, we remand this case to the trial court for an evidentiary hearing on the judicial interest due Thomas R. Denton. We assess all costs associated with this appeal against appellee.
REVERSED AND REMANDED
PETTIGREW, J., DISSENTS, AND ASSIGNS REASONS.
PETTIGREW, J., dissenting.
I respectfully dissent from the majority. In the instant case, Mr. Denton filed a "Motion To Introduce Additional Evidence And To Fix Interest," seeking to have the trial court set the interest owed to him by State Farm. According to Mr. Denton's motion, State Farm altered and/or changed the policy language of Mr. Denton's policy during the time in question, in an attempt to limit State Farm's liability for the amount of the interest it owed under the insurance policy. Mr. Denton's motion set forth the following allegations:
4.
Denton originally purchased liability insurance together with UM protection in approximately 1983 from State Farm Insurance, which was continuously renewed and in full force and effect on the date of the accident that is the basis of this instant dispute ....
5.
During the time period that Denton originally purchased his insurance policy and the date of the accident, State Farm altered and/or changed the policy language under the Supplemental Payments provisions of the insurance policy.
6.
The changes to the policy attempted to limit State [Farm's] liability for the amount of the interest it owed under the insurance policy.
7.
When the changes were made to the policy, Denton was not given notice as required by law and did not agree to the changes in the policy language.
8.
Despite demand, State Farm has refused and/or failed to produce the original policy together with all amendments, changes and notices thereto.
9.
Subsequent to the signing of this Court's judgment, State Farm has tendered its policy limits together with interest only on the $50,000.00 policy. However, the plaintiffs have consistently maintained that State Farm is obligated to pay interest in accordance with the original insurance policy, making State Farm liable for the amount of its policy limits together with interest on the entire judgment as a matter of law.
10.
At the trial of this matter, State Farm introduced the insurance policy into evidence in its amended form which contained numerous changes, amendments and alterations made to the policy after its inception.
11.
When the policy was introduced into evidence by State Farm, it represented that it was the policy that was in effect at the time of the accident, but it did not notify the plaintiff that several changes, amendments and alterations had been made to the policy.
Pursuant to La. C.C.P. Arts. 1631 and 1632, the petitioner seeks to introduce additional evidence which will aid the Court in determining the extent of State Farm's liability to the plaintiff.
State Farm opposed Mr. Denton's motion, arguing that pursuant to La. Code Civ. P. art. 1974, the motion was an untimely motion for new trial.[1] Alternatively, State Farm asserted the trial court was divested of jurisdiction pursuant to La. Code Civ. P. art. 2088, which provides as follows:
The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, including the right to:
(1) Allow the taking of a deposition, as provided in Article 1433;
(2) Extend the return day of the appeal, as provided in Article 2125;
(3) Make, or permit the making of, a written narrative of the facts of the case, as provided in Article 2131;
(4) Correct any misstatement, irregularity, informality, or omission of the trial record, as provided in Article 2132;
(5) Test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126;
(6) Grant an appeal to another party;
(7) Execute or give effect to the judgment when its execution or effect is not suspended by the appeal;
(8) Enter orders permitting the deposit of sums of money within the meaning of Article 4658 of this Code;
(9) Impose the penalties provided by Article 2126, or dismiss the appeal, when the appellant fails to timely pay the estimated costs or the difference between the estimated costs and the actual costs of the appeal; or
(10) Set and tax costs and expert witness fees.
Mr. Denton's motion was initially denied by the trial court on February 28, 2005, without a hearing. However, during a March 2, 2005 hearing, the trial court vacated its previous ruling and ordered the parties to file briefs regarding the amount of interest owed by State Farm. After considering the argument of the parties, the trial court issued its ruling on May 18, 2005, wherein it denied Mr. Denton's motion "for reasons stated in the Memoranda in Opposition to the Motion" by State Farm; i.e., that the motion was, in fact, an untimely motion for new trial and that the trial court was divested of jurisdiction pursuant to Article 2088. The court added that it was adopting State Farm's memoranda as its own. The trial court signed a judgment accordingly on June 27, 2005.
Mr. Denton appealed, arguing that the trial court erred in finding (1) that his post-judgment motion was a motion for new trial rather than an incidental matter arising out of enforcement of its judgment and (2) that it did not have jurisdiction to decide his motion in a summary proceeding to clarify and enforce the November 3, 2004 judgment on the merits.
In a previous decision of this court, we concluded the trial court was without jurisdiction to act on Mr. Denton's motion. Thus, we pretermitted the issues raised in Mr. Denton's appeal and vacated the trial court's June 27, 2005 judgment. See Denton v. Vidrine, XXXX-XXXX (La. App. 1 Cir. 12/28/06) (unpublished). On June 1, 2007, the Louisiana Supreme Court granted State Farm's writ application finding "[t]he district court was not divested of jurisdiction from ruling on this particular motion." Thus, the supreme court remanded this case to our court for consideration on the merits. Denton v. Vidrine, XXXX-XXXX (La. 6/1/07), 957 So.2d 162. Having considered the merits of Mr. Denton's arguments on appeal, I would affirm the trial court's judgment denying Mr. Denton's motion.[2]
In brief to this court, Mr. Denton argues that pursuant to La. Code Civ. P. art. 2592, this post-judgment dispute over the amount of interest owed by State Farm presents an incidental question that can be resolved through a rule to show cause.[3] Noting that State Farm was found liable for damages and legal interest as a matter of law, Mr. Denton contends that because the amount of legal interest could not be determined from the judgment or evidence introduced at trial, he filed the instant motion seeking to have the trial court set the dollar amount of legal interest owed. Mr. Denton asserts that he was not attempting to amend the judgment through a substantive change; rather he was simply seeking to have the trial court "enforce and clarify its judgment." Mr. Denton maintains the questions surrounding the amount of legal interest are legal questions that should be decided through summary proceedings and "did not or could not" require involvement of this court because appellate jurisdiction had not attached.
In response to Mr. Denton's arguments on appeal, State Farm asserts that although Mr. Denton attempts to frame his post-trial motion as seeking a "legal question ancillary to the judgment," what he is in fact doing is raising a new substantive issue that "would necessarily involve witness testimony and a review of twenty years of documents showing that State Farm complied with Louisiana law in notifying Mr. Denton of the changes to his policy." Noting that State Farm is asking the trial court to address a new issue that should have been brought before the jury at the trial on the merits, State Farm contends Mr. Denton is not seeking enforcement of the trial court's November 3, 2004 judgment, but rather he is asking for a substantive change that will significantly alter the trial court's judgment.
In Frisard v. Autin, 98-2637, p. 7 (La. App. 1 Cir. 12/28/99), 747 So.2d 813, 818, writ denied, XXXX-XXXX (La. 3/17/00), 756 So.2d 1145, this court outlined the methods for properly amending a judgment, as follows:
Louisiana Code of Civil Procedure article 1951 allows a trial court to amend a final judgment, on its own motion, (1) to alter the phraseology of the judgment, but not the substance, or (2) to correct errors of calculation. A judgment may be amended by the court where the amendment takes nothing from or adds nothing to the original judgment. However, an amendment to a judgment which adds to, subtracts from, or in any way affects the substance of the judgment, is considered a substantive amendment. Substantive amendments to judgments can be made only after a party has successfully litigated a timely application for new trial, an action for nullity, or a timely appeal. The Louisiana Supreme Court has also recognized that, on its own motion, and with the consent of the parties, the trial court may amend a judgment substantively. [Citations omitted.] [Emphasis added.]
None of these procedures were employed in this case. Rather, Mr. Denton cites the cases of Wheeler v. Louisiana Dept. of Transp. and Development, 95-1700 (La. App. 4 Cir. 5/22/96), 675 So.2d 788, rev'd on other grounds, 96-1608 (La. 10/4/96), 679 So.2d 1363, and American Motorist Ins. Co. v. American Rent-All, Inc., 617 So.2d 944 (La. App. 5 Cir. 1993), as support for his position that post-judgment disputes over interest present an incidental question that can be resolved through a rule to show cause. I have reviewed these cases and find them to be factually distinguishable and clearly inapposite.
In American, plaintiffs were awarded damages following an automobile accident. Thereafter, the defendant deposited its policy limits plus accrued interest and court costs into the court's registry. Two years later, plaintiffs filed a motion to withdraw the funds from the registry of the court and a rule seeking additional interest. American, 617 So.2d at 945. The fifth circuit ultimately concluded that plaintiffs were entitled to an additional award of legal interest from the date of the deposit until the date the funds were withdrawn. American, 617 So.2d at 947. The facts of American are completely inapposite to the facts herein. In American, there was no dispute over the terms and provisions of an insurance policy such as we have here. Rather, the parties disputed whether legal interest continued to run after a party deposited funds into the registry of the trial court.
In Wheeler, a post-judgment dispute arose over the rate of pre-judgment legal interest to be paid on an award of damages. Judgment was rendered in favor of plaintiffs and intervenor awarding interest from the date of judicial demand. Defendant forwarded checks for satisfaction of judgment, with pre-judgment interest computed pursuant to La. R.S. 13:5112(C). Wheeler, 95-1700 at 1, 675 So.2d at 789. In its original judgment, the trial court did not specify the rate of legal interest. However, the plaintiffs specifically reserved their rights to dispute the calculation of pre-judgment interest. Wheeler, 95-1700 at 3, 675 So.2d at 790. Plaintiffs subsequently filed a rule to show cause why defendant should not pay legal interest pursuant to La. Civ. Code art. 2924, which defendant excepted to on the grounds of venue, jurisdiction, unauthorized use of summary proceedings, vagueness, and lack of procedural capacity. The trial court overruled the exceptions and ordered that pre-judgment interest was to be paid pursuant to Article 2924. Wheeler, 95-1700 at 1-2, 675 So.2d at 789. On appeal, the fourth circuit concluded that whether the trial court intended that pre-judgment legal interest on the award of damages was to be paid pursuant to Article 2924 was an incidental question arising in the course of judicial proceedings. Thus, the court held that the plaintiffs rule, which was really "more on the order of a motion for clarification of judgment," fell under La. Civ. Code art. 2592(1). Wheeler, 95-1700 at 3, 675 So.2d at 790.
Although Mr. Denton would have this court believe that much like the issue in Wheeler, his motion concerned an "incidental question that can be resolved through a rule to show cause," I find the Wheeler facts to be completely inapposite to the facts before us now. Unlike the interest dispute in Wheeler that would not ultimately result in a substantive change in the trial court's judgment, the motion filed by Mr. Denton below sought to address a new substantive issue concerning an insurance policy. It is clear from the record that Mr. Denton was not merely seeking a "clarification" of the trial court judgment as was the case in Wheeler. Rather, Mr. Denton attempted to introduce new evidence concerning alleged changes to his State Farm policy and have the trial court "determine the extent of State Farm's liability." As correctly pointed out by State Farm in brief, this would necessarily involve witness testimony and documentary evidence, some of which may date back to 1983 when Mr. Denton first procured insurance with State Farm. Contrary to Mr. Denton's argument, these are not matters that can be decided through summary proceedings pursuant to Article 2592. Moreover, if successful, Mr. Denton's motion would result in a significant increase in the amount of interest owed by State Farm, and any amended judgment following therefrom would effect a substantive change in State Farm's rights. As previously discussed, this substantive amendment under these particular facts and circumstances would not be allowed as the proper procedural vehicles were not employed to obtain such relief.
For the above and foregoing reasons, I would affirm the trial court's June 27, 2005 judgment denying Thomas R. Denton's "Motion To Introduce Additional Evidence And To Fix Interest."
NOTES
[1] The facts of this case were fully developed in an earlier opinion of this court, wherein we addressed an appeal from the judgment on the merits. See Denton v. Vidrine, XXXX-XXXX (La. App. 1 Cir. 12/28/06), 951 So.2d 274, writ denied, XXXX-XXXX (La. 5/18/07), 957 So.2d 152.
[1] The delay for applying for a new trial is set forth in Article 1974 as follows: "The delay for applying for a new trial shall be seven days, exclusive of legal holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913."
[2] I note that Mr. Denton spends much of his brief addressing the merits of his claim that State Farm did not inform him of the alleged changes to his policy. However, as previously noted, the trial court denied Mr. Denton's "Motion To Introduce Additional Evidence And To Fix Interest" on procedural grounds and, thus, never addressed the merits of his claim. Accordingly, this issue is not properly before this court for review. See La. Code Civ. P. art. 2164. Mr. Denton also briefs the issue of the trial court's jurisdiction pursuant to Article 2088, arguing that the trial court's "ruling that it lacked jurisdiction to enforce its own judgment was erroneous as a matter of law." This court need not address this argument as it has been decided by the Louisiana Supreme Court. See Denton v. Vidrine, XXXX-XXXX (La. 6/1/07), 957 So.2d 162 (wherein the court granted State Farm's writ application finding "[t]he district court was not divested of jurisdiction from ruling on this particular motion.").
[3] The use of summary proceedings is provided for in Article 2592 as follows:

Summary proceedings may be used for trial or disposition of the following matters only:
(1) An incidental question arising in the course of judicial proceedings, including the award of and the determination of reasonableness of attorney's fees.
(2) An application for a new trial.
(3) An issue which may be raised properly by an exception, contradictory motion, or rule to show cause.
(4) An action against the surety on a judicial bond after judgment has been obtained against the principal, or against both principal and surety when a summary proceeding against the principal is permitted.
(5) The homologation of a judicial partition, of a tableau of distribution or account filed by a legal representative, or of a report submitted by an auditor, accountant, or other expert appointed by the court; and an opposition to any of the foregoing, to the appointment of a legal representative, or to a petition for authority filed by a legal representative.
(6) A habeas corpus, mandamus, or quo warranto proceeding.
(7) The determination of the rank of mortgages, liens and privileges on property sold judicially, and of the order of distribution of the proceeds thereof.
(8) The original granting of, subsequent change in, or termination of custody, visitation, and support for a minor child; support for a spouse; injunctive relief; support
between ascendants and descendants; use and occupancy of the family home or use of community movables or immovables; or use of personal property.
(9) An action to annul a probated testament under Article 2931.
(10) An action to enforce the right to a written accounting provided for in R.S. 9:2776.
(11) All other matters in which the law permits summary proceedings to be used.