TOBIAS, J.,
Concurs and Assigns Reasons.
[,The procedural issue in this case is whether the state should be treated differently in this matter than any other person. Article XII, § 10(A) mandates that “[n]either the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property.” This means that the state of Louisiana should be treated the same as any other person in a court when a claim is based upon a cause of action in tort or contract. See Segura v. Louisiana Architects Selection Bd., 362 So.2d 498 (La.1978) and its progeny.
The appellant was late in responding to discovery. Additionally, the appellant did not timely submit its opposition to the motion for summary judgment of the ap-pellee, Ms. Jordan. Only with its motion for new trial, after the trial court rendered judgment in favor of the Ms. Jordan on her motion for summary judgment, did the appellant file a motion for new trial with the affidavit of the physician asserting that the appellee signed a form consenting to the surgery and that the physician explained the risks of the surgery to the appellee.
The appellant, in response to a discovery request, submitted the complete medical record from MCLNO of the appellee; the response was given prior to the|2date Hurricane Katrina impacted the New Orleans area, so the appellant cannot properly assert that the consent form was destroyed by the hurricane unless one is to believe that the appellant withheld the consent form when it provided Ms. Jordan’s complete medical record at MCLNO. No consent form was contained in the record. (Certainly it is possible in a hospital a large as the MCLNO a record can become misfiled or misplaced.)
Under these circumstances, I cannot •find that the trial coui’t abused its discretion in either refusing to let the appellant file its late opposition to the motion for summary judgment or in denying the motion for new trial of the appellant. I therefore respectfully concur in the decision of the majority.